UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL CALVIN DUHON | CASE NO. 6:22-CV-00476 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| WARDEN, LAFAYETTE PARISH CORRECTIONAL CENTER | MAGISTRATE JUDGE DAVID J. AYO |

## ORDER

On January 6, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Petition for Writ of Habeas Corpus be dismissed due to Petitioner's failure to comply with the Court's Order of November 1, 2024, and due to Petitioner's failure to notify the Court in writing of an address change.[1] No objections to the R&R have been filed by Petitioner as of this date. Both the November 1, 2024 Order and the January 6, 2025 R&R have been returned to the Court and marked "Unable to Accept" and "Not Here."[2]

Federal Rule of Civil Procedure 41(b) provides for dismissal of a civil action for failure to comply with a court order.[3] However, the Magistrate Judge's November 1, 2024 Order did not provide a deadline for compliance. Local Rule 41.3 provides that a civil action may be dismissed by the Court for lack of prosecution where a pro se litigant "fails to notify the court in writing of

---

[1] *See* ECF No. 26 (Jan. 6, 2025, R&R); ECF No. 24 (Nov. 1, 2024, Order); *see also* Fed. R. Civ. P. 41(b) (dismissal for failure to comply with a court order); LR 41.3(D) (dismissal for failure to notify court in writing of address change). The Magistrate Judge's November 1, 2024 Order directed Petitioner to "file a supplement to his Petition with a NUMBERED LIST of each claim he wishes to pursue in this habeas action and whether each claim was fully exhausted through the Louisiana Supreme Court," and further ordered that the "supplement should be legible and not exceed five pages." ECF No. 24.
[2] *See* ECF Nos. 25, 27.
[3] Such dismissal "operates as an adjudication on the merits" unless the order states otherwise. Fed. R. Civ. P. 41(b).

an address change when notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."[4] The rule further provides:

> Prior to issuance of a dismissal, notice will be sent to the plaintiff, and plaintiff will be allowed 30 calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the clerk may dismiss the civil action. If a timely response is filed, a district judge or magistrate judge may order additional time within which to take action, dismiss the civil action without prejudice or make any other appropriate order.[5]

In light of the forgoing and out of an abundance of caution, the Court will provide Petitioner until March 3, 2025 to: (1) comply with the Magistrate Judge's Nov. 1, 2024 Order, and (2) demonstrate good cause for his failure to comply with the court rules discussed herein.

**Petitioner is hereby placed ON NOTICE that his failure to comply with this Order will result in the DISMISSAL of this matter WITH PREJUDICE.**

THUS DONE in Chambers on this 29th day of January, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[4] LR 41.3(D).
[5] LR 41.3.